**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-6514**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL CLARENCE HOOD,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Kenneth D. Bell, District Judge. (5:18-cr-00005-KDB-DCK-1, 5:18-cv-00172-KDB)

───────────

Submitted:  August 31, 2023                    Decided: September 15, 2023

───────────

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

───────────

Michael Clarence Hood, Appellant Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Clarence Hood appeals the district court's order construing his Fed. R. Civ. P. 60(b) motion for relief from judgment as an unauthorized and successive 28 U.S.C. § 2255 motion and dismissing it for lack of jurisdiction.[*] Because we conclude that Hood's motion was a mixed Rule 60(b) motion and successive § 2255 motion, we affirm in part, deny authorization to file a successive § 2255 motion, deny a certificate of appealability, and dismiss in part.

In his Rule 60(b) motion, Hood asserted that the district court erred by denying his motion to appoint counsel and by failing to liberally construe his § 2255 motion as challenging the validity of his guilty plea. As we explained in *McRae*, when a § 2255 movant files a mixed Rule 60(b) motion and § 2255 motion, the district court should afford the movant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive motion. 793 F.3d at 394, 400; *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003); *abrogated in part on other grounds by McRae*, 792 F.3d 392. Although the district court did not afford Hood that opportunity, we need not remand this case because the district court applied the Rule 60(b)(6) standard to Hood's claim and correctly concluded that Hood was not entitled to relief under that standard. We therefore affirm the district court's dismissal for lack of jurisdiction of Hood's merits-related claims.

---

[*] A certificate of appealability is not required to appeal the district court's jurisdictional categorization of a Rule 60(b) motion as an unauthorized, successive § 2255 motion. *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

In addition, consistent with our decision in *Winestock*, 340 F.3d at 208, we construe Hood's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. Upon review, we conclude that Hood's claims do not meet the relevant standard. *See* 28 U.S.C. § 2255(h). We therefore deny authorization to file a successive § 2255 motion.

Hood may not appeal the district court's denial of his true Rule 60(b) claim unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). *See generally McRae*, 793 F.3d at 400 & n.7. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Hood has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss Hood's appeal of the district court's denial of his true Rule 60(b) challenge to the district court's denial of the appointment of counsel.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*